

**VIA ECF**  January 4, 2023
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: *Doe v. Bard College*, Case No. 7:22-cv-7258 (CS)

Dear Judge Seibel:

  We represent Plaintiff Jane Doe in the above-referenced action. Plaintiff submits this letter in response to Defendant Bard College's ("Bard") correspondence dated January 4, 2023, requesting this Court to seal the original Complaint in this action, direct Plaintiff's counsel to cease promotion of the original Complaint via their website or other means, and direct Plaintiff to file a Complaint in this action under her real name that removes the names of all non-parties. As to the first request, Plaintiff does not object to the sealing of the original Complaint in this action.

  With respect to Bard's request for an order directing Plaintiff's counsel to remove the original Complaint from Yale Law School's website, that request is beyond the jurisdiction of the Court. The publication of the original Complaint on Yale Law School's website is protected by the First Amendment right to freedom of speech. In addition, on December 29, 2022, pursuant to FRCP 41(a)(1)(A)(i), Plaintiff voluntarily dismissed her Federal Complaint against Bard without prejudice. Once the action was dismissed, the Court ceased to have any jurisdiction over the parties. *See* U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 775 F.3d 128, 134 (2d Cir. 2014) ("A voluntary dismissal [under Rule 41] ... vitiate[s] and annul[s] all prior proceedings and orders in the case, and terminat[es] jurisdiction over it for the reason that the case has become moot.) Nonetheless, Plaintiff's counsel has agreed voluntarily to remove the original Complaint from its website after meeting and conferring with Bard's counsel on January 3, 2023. The Complaint was removed from the website as of the date of this letter.

  In the same vein, this Court lacks jurisdiction to order Plaintiff to file a Complaint under her real name and remove the names of all non-parties. Id.; *see also* Farkash v. Five Star Travel Inc., 841 F. App'x 278, 280 (2d Cir. 2021) ("The notice of dismissal itself "closes the file.") Filing an Amended Complaint in a dismissed action is nonsensical.

  Finally, defense counsel incorrectly contends that Plaintiff failed to comply with the Court's December 5, 2022, Order. Plaintiff had every right to dismiss the action before filing an Amended Complaint. (*See* FRCP 41(a)(1)(A)(i)) Therefore, Plaintiff's discontinuance of this action does not constitute a failure to comply with the Court's order.

Thank you for your consideration herein.

Dated: January 4, 2023

Respectfully Submitted,

**California Civil Rights Law Group**

_____
Lawrence Organ (Pro Hac Vice)
Zarrina Ozari
Kira Brekke (Pro Hac Vice)
332 San Anselmo Avenue
San Anselmo, CA 94960
(415) 453-4740
Email: larry@civilrightsca.com
Email: zarrina@civilrightsca.com
Email: kira@civilrightsca.com

**LAW OFFICE OF AVERY P. GILBERT**
Avery Gilbert
Zachary Bendiner
15 Shatzell Avenue
Suite 232
Rhinecliff, NY 12574
(845) 380-6265
Email: avery@agilbertlaw.com
Email: zbendiner@agilbertlaw.com

*Attorneys for Plaintiff*

*This document has been prepared by a clinic operated by Yale Law School, but does not purport to present the school's institutional views, if any.

Cc: All Counsel of Record via ECF