

**VIA ECF**                                                              April 20, 2023
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      **Re:**   *Doe v. Bard College*, Case No. 7:22-cv-7258 (CS)

Dear Judge Seibel:

      We represent Plaintiff Jane Doe in the above-referenced action, which was terminated on December 29, 2022. Plaintiff submits this letter in response to Defendant Bard College ("Bard")'s correspondence dated April 20, 2023, requesting this Court to seal ECF Nos. 32-2 and 39-1.

      Plaintiff does not object to the sealing of ECF No. 32-2, which is a copy of the original Complaint in this action (ECF No. 1), as the Court ordered ECF No. 1 sealed on January 5, 2023 (ECF No. 47).

      Plaintiff opposes Bard's request to seal ECF No. 39-1, as such request conflicts with the Court's prior orders in this action. That document does not, as Defendant contends, contain "much of the information sought to be protected by this Court's January 5 Order." (ECF No. 48). To the contrary, on three separate occasions, including the January 5 Order, the Court made clear its expectation that Plaintiff would publicly file the redacted complaint reflected in ECF No. 39-1:

      First, at a December 5, 2022 hearing during which the Court addressed Plaintiff's November 21, 2022 letter motion (ECF No. 39) seeking to file the redacted complaint reflected in ECF No. 39-1, the Court ordered: "**plaintiffs will file the complaint that redacted what they have agreed to and that adds the plaintiff's name**"; the parties would meet and confer about additional redactions defendant might want; and "**if defendants or third parties want to make a motion, they should follow the procedure in my individual practices**." (ECF No. 43 at 35:2-5; 17-19 [emphasis added].)

      Next, in the Court's Minute Entry following the December 5 bench ruling, the Court stated: "**Plaintiff is directed to file [the] Complaint that redacts what is proposed in the November 21, 2022 letter** and to add the Plaintiff's name. The parties are directed to meet and confer regarding any further redactions, and **if the Defendant(s) or Third Parties want to make a motion, then they need to follow the necessary protocols**." (See Ex. A, Minute Entry dated 12/6/22 [emphasis added].)

Hon. Cathy Seibel
April 20, 2023
Page 2

Finally, the Court's January 5, 2023 order endorsed the public filing of 39-1, stating: "At the time of the 12/5/22 bench ruling, I envisioned that the parties would confer on additional redactions to the Complaint but in the meantime **Plaintiff would file an Amended Complaint that redact[ed] what [Plaintiff] had agreed to** and that adds the plaintiffs name." (ECF No. 47 [emphasis added].) The "Amended Complaint that redact[ed] what [Plaintiff] had agreed to" is ECF No. 39-1.

Despite Bard's implication to the contrary, the Court never made a substantive finding on the merits that the original Complaint in this action should be sealed. The Court certainly never addressed sealing the entire proposed redacted complaint at ECF No. 39-1, and was explicit in its December 5, 2022 bench ruling that it had only "educated [it]self on the law regarding plaintiffs being anonymous," that "third parties" are "different," and it was "not going to shoot from the hip" on even the issue of redacting third party names. (*See* ECF No. 43 at 34:16-20.)

The January 5, 2023 Order sealing the original Complaint, and *only* the original Complaint, was simply a procedural result of the Court's December 5, 2022 order permitting Plaintiff to file the proposed redacted complaint reflected at ECF No. 39-1. The Court certainly did not make "specific, rigorous findings" with respect to ECF No. 39-1 that must be made before sealing a document and overcoming the strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[] a significant positive role in the functioning of the [judicial] process." *See* Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016) (quoting Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006)); *see also* Newsday LLC v. County of Nassau, 730 F.3d 156, 164 (2d Cir. 2013) ("The presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim".)

Accordingly, we ask that you deny Defendant's letter request to seal ECF No. 39-1.

Dated: April 20, 2023                              Respectfully Submitted,

**California Civil Rights Law Group**            Avery Gilbert
Lawrence Organ (Pro Hac Vice)                    **Strategic Advocacy Clinic**
Kira Brekke (Pro Hac Vice)                       Yale Law School
332 San Anselmo Avenue                           127 Wall St.
San Anselmo, CA 94960                            New Haven, CT 06511
(415) 453-4740                                   (203) 432-2198
Email: larry@civilrightsca.com                   Email: avery.gilbert@yale.edu

                                                 **Law Office of Avery P. Gilbert**
                                                 15 Shatzell Avenue, Suite 232
                                                 Rhinecliff, NY 12574

Hon. Cathy Seibel
April 20, 2023
Page 3

(845) 380-6265
Email: avery@agilbertlaw.com

*This document has been prepared by a clinic operated by Yale Law School, but does not purport to present the school's institutional views, if any.

Cc: All Counsel of Record via ECF